## COWAN *v.* MURCH.

*(Knoxville.* November 11, 1896.)

1. COURT OF CHANCERY APPEALS. *Decision and finding of a majority legal and valid.*

The decision and finding made, over objection properly interposed, by two of the three judges constituting the Court of Chancery Appeals, without the presence or participation of the other member at any stage of the proceedings, are legal and valid, although the statute creating said Court does not, in terms, make a majority of its members a quorum, and provides for filling the place of an absent member by appointment. *(Post, pp. 592–602.)*

Constitution construed: Art. VI., § 2.

Act construed: Acts 1895, Ch. 76.

Code construed: §§ 69, 375 (S.); §§ 56, 342 (M. & V.); §§ 59, 397*a* (T. & S.).

Cases cited and distinguished: Radford Trust Co. *v.* Lumber Co., 92 Tenn., 136; Austin *v.* Harbin, 95 Tenn., 600; 79 U. S., 396; 21 Wend., 211; 7 Cowan, 529; 1 B. & P., 229; 2 Atkins, 212; 1 Doug., 119; 52 Ver., 87 (S. C., 36 Am. Rep., 734).

2. SAME. *Objection to competency properly made by petition to rehear.*

The objection that a majority of the Court of Chancery Appeals could not, in the absence of one of its members, hear and determine a cause, is not waived, though presented for the first time by petition to rehear, where the cause was argued before a full bench, and afterwards considered and decided in the absence of a member. *(Post, pp. 592–595.)*

3. STATUTES. *Construed in the light of Code provisions.*

Although the Code provision that "all words giving a joint authority to three or more persons or officers, give such authority to a majority of such persons or officers, unless it is otherwise declared," is, by its terms and context, applicable only to the Code and the body of law embraced therein; yet, it may be looked to, as indicative of the spirit and policy of our legis-

Cowan *v.* Murch.

lation in the construction of subsequent statutes, so as to build up an uniform and harmonious system.   (*Post, pp. 595, 596.*)

Code construed: § 69 (S.); § 56 (M. & V.); § 59 (T. & S.).

FROM COCKE.

Appeal from Chancery Court of Cocke County. JOHN P. SMITH, Ch.

WASHBURN, PICKLE & TURNER, and H. N. CATE for Cowan.

McSWEEN & MIMS and SHIELDS & MOUNTCASTLE for Murch.

WILKES, J. This bill was filed to enforce a vendor's lien for purchase money notes, and to set aside a subsequent conveyance of the land covered by the lien, upon the ground of fraud, and notice that the lien of the vendor was outstanding. The Chancellor granted the relief prayed, and defendants appealed and assigned errors. The case has been heard by the Court of Chancery Appeals, and the decree of the Chancellor reversed so far as it decreed that the conveyance of the land be set aside. Complainants are allowed, however, to sell the lands, and to take the surplus proceeds after the payment of the amounts due to defendants, Stead & Carver, the subsequent grantees, which amounts are declared

a first lien or incumbrance on the property. Complainants have appealed to this Court and assigned errors. The Court of Chancery Appeals finds, as facts, that complainants sold the lands to Murch, and made him an absolute conveyance of the same, retaining a lien in the purchase money notes but none in the conveyance; that Stead & Carver, without any notice of any lien, and on the faith of the absolute deed to Murch, made him a loan of $3,500 and took a deed of trust on the land to secure the same; that complainants knew of this deed of trust, and made no objection to the same until nearly a year afterwards, and when the scheme for which the land was bought proved a failure, and hence they were not entitled to set aside the conveyance in trust, but must take in subordination to it. It follows from the finding of facts that the Court of Chancery Appeals was correct in granting the decree it did, and, if there were nothing else in the case, their decree must be affirmed. It is insisted, however, that only two members, out of the three Judges composing the Court of Chancery Appeals, considered the case and rendered the finding of facts and final decree in the cause, and this is assigned as error.

It appears that argument of the case was had before the full bench on October 7, 1895; that the cause was kept under advisement until November 5, 1895, when an opinion was filed, signed by two of the Judges of the Court. A decree was entered in accordance with the opinion and without exception

Cowan *v.* Murch.

on November 6, 1895. On November 8, 1895, complainants filed a petition to rehear the cause, assigning as one of the grounds for rehearing, that while the cause was heard by the full Court, still it had been considered by only two members of the Court, and the opinion rendered had been concurred in by only two members, and it was asked that the cause be reconsidered by the full bench. This petition was presented to the Court while only two members were on the bench, the third being absent on account of sickness in his family, and the petition was dismissed November 9, 1895, by the same two Judges. At this time, upon entering the decree dismissing the petition, complainants excepted to the action of the Court because only two members had considered and concurred in the conclusion. These facts appear from the recital in the opinion on petition to rehear, and finding of the two Judges, and in the decision rendered by them, and in the decree as entered upon the minutes of the Court. The question presented under this state of the record and the assignment of errors, is this: Can the decision and findings of the Court of Chancery Appeals be sustained, over objection, when the argument of the case has been heard by the full bench of three Judges, and only two have conferred and consulted in regard to it, and only two have engaged and concurred in the findings and final determination of the case, the third member being unavoidably absent?

13 P—38

It is insisted that the question has been, in principle, virtually settled by the cases of *Radford Trust Co.* v. *The Lumber Co.*, 8 Pick., 136, and *Austin* v. *Harbin*, 11 Pick., 600. The first of these cases arose in the Supreme Court, and it was held that, under the constitutional and statutory provisions relating to that Court, three members constituted a quorum to transact business. The case further holds, referring to special Judges, that objections to competency of a Court, or any member of it, must be made on the hearing, or when the action complained of is had. Unquestionably this is so, but is that principle decisive of this case? Here the argument was heard before a full Court, and no objection would lie. Neither counsel nor litigant could know in advance whether the deliberation over the case would be made by the full Court, or only a portion of it, and hence there was no opportunity for exception. When the finding of facts and opinion of the Court were promulgated, neither litigant nor counsel could know whether all or only a part of the members had participated in the consideration of the case until after the opinion was delivered and handed down; for one member of the Court may, and always does, deliver the opinion, even when all deliberate and concur. No objection would have lain to the delivery of the opinion with only two members on the bench, if all concurred in the consideration. As a matter of fact, only one could

deliver the opinion, and no objection would lie to his doing so, if two members were present. Complainant, therefore, had no alternative but to wait, and no remedy but to petition for a rehearing, so soon as he came into a knowledge of the facts, and cannot, therefore, be considered as having waived any rights, or as having given his consent to the hearing of the case by a part of the Court.

In the case of *Austin* v. *Harbin*, 11 Pickle, it was held that a majority of the Court (or two members) might concur in the findings and opinion, and the decree would not be invalid for that reason, and that it was not required by the Act to be signed at all. But the question as to whether the entire Court must consider and confer over the case, though a majority concurring might decide it, was not considered or passed upon. We do not, therefore, understand the question raised in this case to have been decided in either of the cases referred to and relied upon by appellees, and the question is an open one.

It is said that § 56 of the Code (M. & V.) should be considered as indicative of the spirit and policy of our legislation. This section is in the following terms: "All words giving a joint authority to three or more persons or officers, give such authority to a majority of such persons or officers, unless it is otherwise declared." This section is, by its terms and context, applicable only to the Code and the body of laws embraced in it; but it is insisted, and properly so, that

it should be considered in the construction of all subsequent statutes, so as to build up an uniform. and harmonious system.

The Act creating the Court of Chancery . Appeals does not, in terms, provide that any number of the members of the Court shall constitute a majority or quorum, or that any specified number must concur in the consideration or in the decision of any case. It does provide that, in case of the sickness or incompetency of any one or more of the Judges of the Court, such vacancy may be filled by appointment of the Governor, and unquestionably the parties might, by consent, fill the vacancy in any case in which it thus becomes necessary, and the party thus selected by consent could act as a Judge.

The Constitution, in Art. VI., Sec. 2, provides that "the concurrence of three of the Judges of the Supreme Court shall in every case be necessary to a decision," and the necessary implication is, that a decision may be reached if a majority, or three, of the members concur in the decision, but less than that number cannot reach a decision. Undoubtedly that decision, when thus reached, may be announced, as has been the invariable rule, by only one member of the Court.

It was held in *Austin* v. *Harbin*, 11 Pickle, 598, that this provision of the Constitution and the Act conforming thereto, § 342 (M. & V.) Code, does not apply to the Court of Chancery Appeals, but only to the Supreme Court, but that a decision and find-

ing by two members, constituting a majority of the former Court, would be valid and legal without the concurrence, or over the dissent, of the third Judge. It is insisted that it is a general rule of law and construction that whenever a body is by law con-stituted for the decision and determination of matters committed to them, in the absence of any provision directing otherwise, all must join in the considera-tion of the matters to be decided, and must confer together over the matters, although a majority may decide after such conference. There appears to be quite a broad distinction in such cases between mat-ters of private and public concern.

The rule contended for is tersely stated in the text in 2 Am. & Eng. Enc. L. (2d Ed.), 645, under the general head of "Arbitration," that in mat-ters of private concern all must concur in the de-cision, and it is added: "It is different in matters of a public character, because when persons—as, a bench of Judges—are appointed to discharge public duties, the decision of a majority is generally suffi-cient, yet then they must all act together in the proceedings prior to the judgment or award."

In Endlich on Interpretation of Statutes, p. 605, the rule is stated as follows: "An act which em-powers two or more Justices or other persons to do any act of judicial, as distinguished from a ministe-rial, nature, impliedly requires that they should all be personally present and acting together in its performance, whether to hear the evidence or to

view, when they are to act on personal inspec-
tion, to consult together and form their judgment.''
In Sutherland on Statutory Construction, Sec. 390,
it is said: ''When any number of persons are ap-
pointed to act judicially in a public matter, they
must all confer, though a majority may decide.''
In *McCoy* v. *Curtice*, 9 Wend., 17 (24 Am. Dec.,
115 and note), which was a case where two school
trustees acted and issued warrant to collect taxes, it
was said: ''When power is delegated to two or
more individuals for a mere private purpose, in no
respect affecting the public, it is necessary that all
should join in the execution of it—thus, arbitrators
must all unite in an award. But in matters of
public concern, if all are present, the majority can
act, and their acts will be the acts of the whole.''
The same principle is announced in *Cooley* v. *O' Con-
ner*, 79 U. S. Rep., 396, which involved the action
of two of the commissioners of direct taxes, and
in *Croker* v. *Crane*, 21 Wend., 211, which was a
case where commissioners were authorized to distribute
stock in a corporation for its best interests. In the
latter case it is said: '' It has long been perfectly
well settled that, when a statute constitutes a board
of commissioners or other officers to decide any
matter, but makes no provision that a majority shall
constitute a quorum, all must be present to hear
and consult, though a majority may decide.'' Cit-
ing *Ex parte Rogers*, 7 Cowan, 529, and notes (which
was a case of a board of canal commissioners).

See, also, 34 Am. Dec., p. 235, note; *Grindley* v. *Barker*, 1 B. & P., 229 (a case of leather commissioners); *Attorney-general* v. *Davy*, 2 Atkins, 212 (a case of commissioners to choose a chaplain); *Scott* v. *Detroit et als.*, 1 Doug., 119 (a case of power delegated to trustees); *Downing* v. *Ruger*, 21 Wend., 178 (a case of overseers of the poor); *Bank* v. *Mount Tabor*, 52 Ver., 87; 36 Am. Rep., 734 (which was a case of town commissioners to issue bonds).

None of these cases cited are cases in which Courts, strictly speaking, are considered, but they are cases involving bodies, such as boards of school directors, boards of canal commissioners, boards for the issuance of bonds, boards for the distribution of stock, and other bodies exercising judicial or *quasi* judicial functions. We have been cited to no case involving the power of a majority of a Court of Judges to consider and decide causes submitted to them, or a majority of them, and we have been able to find none directly upon the point, when there is no statutory or constitutional provision authorizing a majority to act. The case cited of *Attorney-general* v. *Davy*, 2 Atkins, 212, appears to recognize a distinction between individuals exercising judicial functions and a regularly constituted Court of Judges.

It is insisted the rule contended for by appellant would place the Court of Chancery Appeals most nearly in harmony with the practice of this Court;

that three Judges of this Court must consider every case, and that it would be unwise and incongruous for like cases to be decided by two members of that Court, and it is suggested by way of illustration that two cases may be upon the same equity docket; one may be assigned to the Court of Chancery Appeals, and be considered and determined by two Judges as to the facts, while the next case, not assigned, must be considered by not less than three members of this Court. But this reasoning, if carried out to its end, will result in this, that while not less than three members of this Court must concur in every decision, only two will be required in that Court. Another result would be that law cases could be decided only by three members of this Court, while chancery causes would be decided by only two members of that Court, at least as to the facts. By parity of reasoning, if all of that Court must consider and confer in every case, but two may decide, it would follow that all the members of this Court must consider and confer in every case, though three may concur in the decision and make it valid. It has already been held that the constitutional provisions and Act relating to this Court do not apply to the Court of Chancery Appeals (*Austin* v. *Harbin*, 11 Pick., 600), and an attempted analogy run between the Courts must fail in many particulars. The Courts are different, the powers different, and the jurisdictions different. One is a supreme and the other

an inferior Court, in the legal and constitutional sense. It has never been held indispensable that all the members of this Court should confer together in the consideration of every case, but under this reasoning the constitutional and statutory provisions do not stand in the way of such construction, inasmuch as they simply provide that three shall concur in the decision, without laying down any rule for the consideration of cases.

It was held in *Radford Trust Co.* v. *The Lumber Co.*, 8 Pick., 136, that a decision of this Court concurred in by three members would be valid, although it may have been considered by less than the full Court of five members, and less than that number had conferred in regard to it. We are of opinion that, in the absence of one member of the Court of Chancery Appeals, from sickness or other reason, the two remaining members may hear, consider, and confer together, and decide the causes before them. While it is always best to have a full bench at every stage of every proceeding, it will not vitiate the decision if, for any reason, only two of its Judges consider and join in the determination of the question. It has been held that two may decide, in the absence of the third, or over the dissent of the third, and we can see no valid reason why two may not consider and reach the decision which two are competent to make. That Court does not sit as arbitrators under selection of the parties, and under a power conferred by agreement for special cases

or purposes, but as a Court provided by general statutes, for all causes properly coming before it. We are of opinion, therefore, that the finding and decision in this case is valid and legal; and under the facts, as found, the proper legal conclusion has been reached; and the decision of the Court of Chancery Appeals is affirmed. If this Court were of the opinion that the finding was not legal, it would only remand in order that the cause might be considered by the full bench of the Court of Chancery Appeals, when it is evident the same two Judges could reach the same result, and render the same decision, even if the third one should be of a different opinion.