SMOKY MOUNTAIN LAND, LUMBER & IMPROVEMENT
COMPANY *v.* C. F. LATTIMORE, County Trustee.

(*Knoxville.*    September Term, 1907.)

1. **TAXATION.** In reassessment proceedings, State board of
equalization acquires jurisdiction of the person of the taxpayer
by his appeal.

   Where in a proceeding before the county trustee for the reas-
sessment of property for taxation, the taxpayer appears in re-
sponse to a citation, and after a hearing, he appeals from
the trustee's decision to the State board of equalization, said
board acquires jurisdiction of the person of the taxpayer.
(*Post, pp.* 631, 632.)

   Acts cited and construed:  Acts 1903, ch. 258, sec. 31.

2. **SAME.** Decision is void where hearing was before but one
member of State board of equalization, when.

   In proceedings for the reassessment of property for taxation,
the taxpayer appealing to the State board of equalization is
entitled as a matter of right to a hearing before a legal quo-
rum consisting of a majority of said board, and a decision
rendered in a case, and signed by all the members where but
one of the three members of the board sat at the hearing
with the private secretary of another member, without the
appellant's knowledge that such secretary was not a member
of the board, is void.   (*Post, pp.* 631-635.)

   Acts cited and construed:  Acts 1903, ch. 258, sec. 38, subsec. 1.

   Cases cited and approved:    Cowan v. Murch, 97 Tenn., 590;
Carroll v. Alsup, 107 Tenn., 260; Croker v. Crane, 21 Wend. (N.
Y.), 211.

Smoky Mountain, etc., Co. v. Lattimore.

3. **SAME.** Same. Objection for want of quorum is excused, where taxpayer supposed a third party to be a member of board, when.

In proceedings for the reassessment of property for taxation, where the appeal is heard before one member of the State board of equalization with the private secretary of another member of the same name sitting in the place of such member, and supposed to be such member, the taxpayer was excused from interposing an objection to the jurisdiction of the one member to hear the appeal, if, indeed, objection was necessary. (*Post, pp.* 626, 627, 633, 634.)

4. **SAME.** Injunction against collection of taxes under a void decision or judgment of the State board of equalization.

Where the decision of the State board of equalization in a proceeding for the reassessment of property for taxation is void because there was no quorum present to hear the appeal before such board, a bill is maintainable to enjoin the enforcement of such judgment and to enjoin the county trustee from collecting the taxes. (*Post, pp.* 623, 626, 629, 635.)

5. **SAME.** Void judgment leaves appeal pending before State board of equalization; case reopened and valid judgment rendered.

Where the decision or judgment by the State board of equalization in proceedings for the reassessment of property for taxation is void for want of a quorum at the hearing, the appeal remains pending before the board and it has the power and jurisdiction, upon proper notice to the parties, to reopen the case and render judgment or finding by the full board. (*Post, p.* 636.)

6. **SAME.** Judgment of reassessment by State board of equalization is not subject to collateral attack, when.

The State board of equalization is a quasi court of record, and its judgment of reassessment of property for taxation in a proceeding by which it had jurisdiction of the taxpayer and the subject-matter is not subject to collateral attack for irregularities, as that it was unjust, based on no evidence, or

Smoky Mountain, etc., Co. v. Lattimore.

insufficient evidence, or that the taxpayer had violated none of the provisions of the act upon which reassessments can be made. (*Post, pp.* 629-632, 636.)

Acts cited and construed:        Acts 1903, ch. 258.

Case cited and approved:        Briscoe v. McMillan, 117 Tenn., 115.

7.  **SAME. Same. Review of judgment of State board of equalizers as to evidence by certiorari only.**

The question whether a taxpayer had violated some of the provisions of the statute (Acts 1903, ch. 258, sec. 38, subsec. 1) so as to authorize the reassessment of his property for taxation is a jurisdictional fact to be determined by the State board of equalization from the evidence before it; and the question whether it has this evidence is to be determined by the board. These matters can be reviewed only on a *certiorari.* (*Post, pp.* 625, 636.)

8.  **SAME. Reassessment is not prevented by regular assessment made and passed upon by county and State boards, and payment of the taxes.**

The fact that the property has been regularly assessed in the first instance, the assessments passed upon by the county board of equalizers, and in turn, by the State board of equalization, and by it certified back to the county, and the taxes paid thereon, will not prevent a reassessment in a proper case. (*Post, pp.* 636.)

---

FROM MONROE.

---

Appeal from the Chancery Court of Monroe County.—T. M. MCCONNELL, Chancellor.

McCroskey & Peace and W. A. Stone, for complainant.

Attorney-General Cates, Harrison & Stickley and J. W. Culton, for defendant.

———

Mr. Special Justice Henderson delivered the opinion of the Court.

The bill in this case seeks to have declared void and set aside the back or re-assessment by the State board of equalization of complainant's lands for the years 1903, 1904, 1905, and 1906, and to enjoin the county trustee from collecting the taxes and penalties, etc., assessed.   There was demurrer and answer to the bill and cross bill by the county trustee, and demurrer by complainant to the cross bill.  ·The chancellor overruled the demurrer of the trustee to the original bill, and sustained the demurrer of complainant to the cross bill. .The chancellor, being of opinion that this was a proper case to allow appeal at this stage of the case, does so in the exercise of his discretion, and the trustee has appealed, and assigns errors.

The material allegations of the original bill are as follows:   The Smoky Mountain Land, Lumber & Improvement Company, a corporation under the laws of the State of Delaware, with authority to purchase and own lands, manufacture lumber, etc., owns about forty-two thousand acres of timber land in Monroe county, purchased in 1901.   Since that time complainant has been

paying the State and county taxes regularly assessed thereon at a valuation of $106,500.

On October 15, 1906, State Revenue Agent A. S. Birdsong made motion before C. F. Lattimore, trustee of Monroe county, for the back or re-assessment of complainant's lands for taxes for the years 1903, 1904, 1905, and 1906, when the trustee made the following reassessments: For the year 1904, $450,000; for the year 1905, $500,000; for the year 1906, $550,000—but refused to reassess for the year 1903.

Complainant prayed and effected an appeal from this action of the trustee to the State board of equalization in reassessing for said three years, and the revenue agent prayed an appeal from the refusal of the trustee to reassess for the year 1903.

The appeals were heard ostensibly before the State board of equalization October 29, 1906, upon copy of the proceedings and evidence had before the county trustee, and upon additional evidence and argument; counsel for both sides being present. Only one member of the State board was present, and heard the evidence and argument—John W. Morton, secretary of State. Reau E. Folk, treasurer, and Frank Dibrell, comptroller, were both sick and absent. There was present at the time a Mr. Folk, whom counsel for complainant understood to be the treasurer, but afterwards learned that he was not the treasurer, but his private secretary.

After inquiry by complainant's counsel of the secretary of State and of the trustee, he was furnished by

the latter with a copy of the finding or judgment of the board, signed by the three members, dated December 27, 1906, from which it appears that the action of the trustee in raising the assesments for the years 1904, 1905, and 1906 was sustained, and that he was in error in failing to raise the assessments for the year 1903, and for that year the board raised the assessment to $300,000. A penalty of fifteen per cent. is added upon the taxes so assessed for the four years.

The bill charges that complainant's lands were duly and regularly assessed for the years 1903, 1904, 1905, and 1906, which was duly passed upon by the county board of equalization. Their action was duly certified to the State board, which in turn acted thereon, and certified same back to the county, and complainant has paid the taxes thus assessed against it for these years, and it is charged that this is final, and that neither the trustee, revenue agent, nor State board can go behind this and reassess the property.

In this connection the bill charges that none of the provisions of the act (page 632, c. 258) of 1903 allowing reassessments have been violated; that said reassessments are void for this reason, and for the further reaon that the reassessments are excessive and out of proportion to the assessments of other lands of like character and value in Monroe county and other counties in East Tennessee.

The prayer of the bill is as first above stated.

The county trustee demurs and answers; the demur-rer being on the following grounds:

"(1) Because the suit is brought to enjoin a judicial act of the State board of equalization, which action cannot be collaterally attacked, the same being subject to review only by appeal or *certiorari.*

."(2) The court hath no jurisdiction, because it is not sufficiently charged that the action of the State board of equalization was fraudulent, or that the said board had no jurisdiction, or that there is no adequate remedy at law.

"(3) Because *certiorari* is the only remedy of review of action of the State board of equalizers.

"(4) Because the court is without power to grant an injunction against the defendant, in so far as it ap-plies to the assessment and collection of State taxes in accordance with the action of the State board as to such taxes. The only remedy is to pay under protest and bring suit for the recovery of the money paid.

"(5) The defendant further demurs to so much of said bill as seeks to enjoin or prohibit the collection of the State's part of the revenue due under said re-assessment. This action does not lie.

"(6) This respondent further demurs to so much of the bill as seeks to attack the action of the State board of equalizers because there was not a full board present when the case was heard, because the bill shows that the questions brought before the board were brought there by this complainant, and that the complainant appear-

ed before the board and asked a reversal of the action of the court below, and does not show any fraud on the part of the board of equalizers. Wherefore complainant is estopped to deny that the court was properly constituted."

The trustee then answers the bill, denying all allegations of fraud or, irregularity in the proceedings for reassessment of the lands. It is alleged in the answer that, as soon as it was brought to the knowledge of the State board of equalization that complainant was complaining of its action in the hearing of the appeal, the board issued a notice to complainant that this appeal would be reheard by the full board on February 2, 1907. On that date the board rendered their decision and judgment. This is in the exact language of that first above set out, with the exception of the change of date from December 27, 1906, to February 2, 1907.

With these allegations, the trustee asks to file cross bill in the name of the State of Tennessee, ex rel. C. F. Lattimore, trustee, in this cause, and prays for judgment against complainant for the amount of taxes and penalties assessed by the State board, amounting to $22,-770.19 and interest.

Complainant demurs to the cross bill on the following grounds:

"(1) The State board of equalization having once acted upon the appeal from the action of C. F. Lattimore, trustee, said action was final, and said State board had no power, authority, or right in this particu-

lar case, after final action and final disposition of the appeal, to rehear the same.

"(2) The proceedings of the trustee and State board of equalization in regard to back assessments, or reassessments, are summary in their nature, with power to adjudge penalty. The proceedings and judgment or decree must affirmatively show that the statute had been complied with, which does not appear in this case."

Pending the argument of the demurrer to the original bill and demurrer to the cross bill, the defendant trustee asked permission to amend his cross bill so as to set out and allege the judgment of December 27, 1906, by the State board of equalization, and to pray for decree thereon. The chancellor was of opinion that there had been no valid assessment on which the trustee could rest his case under his cross bill, as proposed to be amended, and the amendment was disallowed.

The demurrer to the original bill is overruled, and the demurrer to the cross bill is sustained. Appeal is prayed by the trustee, by the State of Tennessee, and by Monroe county, which the chancellor in his discretion allows at this stage of the cause—to the State without bond, and to the trustee and Monroe county upon bond. The trustee perfects his appeal by execution of appeal bond. Errors are assigned upon the decree of the chancellor.

The questions presented by the six grounds of demurrer may be more briefly stated as follows: The

first three grounds are to the effect that complainant's remedy is by *certiorari*. The fourth and fifth are to the effect that injunction will not lie to restrain the collection of State taxes. The sixth ground is to the effect that complainant brought the case before the State board of equalization by appeal, and, there being no fraud alleged on the part of the board, its action cannot be impeached.

It is urged on the part of defendant that the purpose of the bill is to enjoin and set aside a judicial act or judgment of the State board of equalization with reference to a matter over which said board has jurisdiction, when the bill does not charge that the judgment is fraudulent or void. In such case, the complainant's remedy is by appeal, if appeal is allowed; otherwise, by *certiorari*. The case of *Briscoe* v. *McMillan,* 117 Tenn., 115, 100 S. W., 111, is cited in support of this.

The bill in that case was exhibited by citizens and taxpayers of Knox county against the county trustee, the county court clerk, and the comptroller of the city of Knoxville, to enjoin said officers from assessing and collecting taxes on the property of complainants, upon the basis of an assessment made by the State board of equalization. The theory of the bill is that said assessment is illegal and void, upon the ground, among others, that no evidence was heard by the board upon which the assessment of complainant's property was raised. While the assessment on more than six hundred pieces of property was raised, the board heard proof in regard

to only thirty of said pieces of property. It is further charged that the action of the board was substantially a raising of assessments in Knox county by a per cent. or upon an attempted per cent. valuation, and that the board did not make its findings and take such action and raise said assessments in the manner required by law, and its action is, therefore, illegal and void; further particulars to show this being alleged.

The question in this connection to be determined was whether the action of the State board was absolutely void, or whether it was merely irregular. On this subject it is said:

"If the State board had jurisdiction in the premises, and its action was only irregular, then it is well settled a court of equity would have no right to enjoin its proceedings. This proposition is based upon the assumption that the State board of equalizers, under the provisions of the act of 1903, is a court of record clothed with certain jurisdiction. It is well settled in this State that the decrees of superior courts are valid on collateral attacks, even if there are irregularities in the proceedings, if it appear in the record that the court acquired jurisdiction of the person and of the subject-matter of the suit."

On page 132 of 117 Tenn., page 116 of 100 S. W., it is said:

"It has already been seen that no allegation of fraud against the State board of equalization is made in the bill, and it affirmatively appears from the recitals of the

bill that the State board had jurisdiction in the premises. The gravamen of the bill, when properly understood, is leveled at an alleged improper exercise of the jurisdiction of the court in the mode of raising the assessments, viz., without hearing evidence in respect of the specific pieces of property, as required by the statute.

"But, as already shown, the State board of equalizers is a *quasi* court of record, and its judgment cannot be collaterally attacked upon the ground that the board proceeded in the exercise of its jurisdiction without hearing evidence. A decree or judgment of a court of record having jurisdiction of a person and subject-matter is not void because the court pronounced said judgment without hearing evidence. The appropriate remedy of reviewing such a decree or judgment is by appeal or writ of error, or other direct proceeding. It cannot be collaterally attacked upon such a ground. The allegations of this bill, taken in their strongest light, complain merely of irregularities in the mode of procedure and noncompliance with the requirements of the statute, but do not show want of jurisdiction on the part of the board or that its action was utterly void."

In the case at bar no question is made with regard to the citation to complainant before the county trustee, prescribed by section 31, c. 258, p. 660, of the Acts of 1903; so that complainant was brought properly before the county trustee. Complainant did appear there, and appealed from his decision to the State board of equali-

zation. The board thus had jurisdiction of the person of complainant.

It is contended, however, that the judgment of the board is illegal and void. Among the grounds insisted on is that, while complainant did appear, there was no quorum of the board present; that only one member assumed to act for the board, which fact was not at the time known to complainant. The insistence thus is that the board had not legally acted in the premises, and that the judgment afterwards signed by the three is therefore void.

By subsection 1, section 38, c. 258, p. 671, Acts of 1903, it is provided that "a majority of the board shall constitute a quorum for the transaction of business."

The board is by the act constituted a *quasi* court, a majority of whom alone is authorized to act in a particular case. The board is composed of the secretary of State, the treasurer, and comptroller, and not less than two of these can lawfully act in any cause. The complainant is cited to appear before the county trustee. There the case is heard, and appeal is taken to the State board. Complainant has the right to be present before that board, or before a legal quorum of that board. This is not merely formal. It is a right of complainant to present its defenses to a reassessment by evidence, oral or written, and by argument of counsel. Until complainant has had that opportunity before a quorum of the board, it has not had its day in court; and any judgment, signed

though it may be by the whole board, without having been first permitted to have its case heard as required by law, is void. The hearing of the case by only one member of the board is .equivalent to no hearing. The citation given to complainant in the first instance is to afford an opportunity to be heard by a legally con-stituted board; and the legislature did not intend that one member of the board can conduct alone the trial, hear the evidence and argument of counsel, pass upon the suf-ficiency of these, render judgment, and have his judg-ment signed by the remaining members of the board, before whom neither complainant nor his counsel have had a hearing. It was intended at least a quorum should hear the trial; otherwise, the citation to complainant to appear and make defense would be an empty, meaning- less formality.

While this trial was had before only one member of the board, and complainant was represented by counsel, it is alleged that the fact that only one member was present was not at the time known to said counsel, they having been misled by the presence of the secretary or the treasurer, of the same name, who was thought to be the treasurer himself, and the trial was con-ducted throughout under that belief. While no fraud is charged in this particular, we think the allegations of the bill on the subject sufficient to excuse complain-ant from the necessity of interposing objection to the jurisdiction of the one member, if, indeed, objection had been necessary. If one member did not have jurisdic-

tion, failure to object would not necessarily confer jurisdiction.

That complainant should have the full benefit of a trial before a quorum of the board is obviously just, in view of the facts that its lands had been regularly assessed in the regular way by the tax assessors for the four years in question, the assessments had been passed by the county board of equalization, and certified to by the State board, which, in turn, acted thereon and certified back to the county, and in accordance with the assessments thus fixed complainant has already paid the taxes as assessed from year to year. In addition to these, when the reassessment is properly made, the act provides for the payment of a penalty of fifteen per cent. on the reassessment. Under all these circumstances, complainant is entitled to a full hearing by a legally constituted board before it can be subjected to such burdens; and this is especially true, since there is no charge in the cross bill that complainant is in any default for the failure of the authorities to properly assess the lands in the first instance.

In *Cowan* v. *Murch*, 97 Tenn., 590, 37 S. W., 393, 34 L. R. A., 538, it is held that the decision by two judges of the court of chancery appeals is legal and binding, though not participated in by the third; but the case must be heard by at least two. That case cites Sutherland on Statutory Construction, section 390, where it is said:

"When any number of persons are appointed to act

judicially in a public matter, they must all confer, though a majority may decide."

There is cited, also, *Croker* v. *Crane,* 21 Wend. (N. Y.), 211, 34 Am. Dec., 228, which was a case where commissioners were authorized to distribute stock in a corporation for its best interests. In that case it is said:

"It has long been perfectly well settled that when a statute constitutes a board of commissioners or other officers to decide any matter, but makes no provision that a majority shall constitute a quorum, all must be present to hear and consult, though a majority may decide."

In *Carroll* v. *Alsup,* 107 Tenn., 260, 64 S. W., 193, two members of the State board of equalization were present and heard the case. The fact that a third person was present, proposing to act for the absent member of the board, is held not to vitiate the judgment, since two constituted a quorum.

It results that the judgment of the board, dated December 27, 1906, under the circumstances above stated, is void, and the bill was properly filed to enjoin it.

The trustee files cross bill in the case, alleging that, after the first judgment had been signed and the board had learned of complainant's objection to it, notice was given to complainant that the matter would be reopened by the board and the appeal heard and determined by the full board on February 2, 1907. Complainant failing to appear in response to said notice, another

judgment was rendered in the exact language of the former judgment, with change of date only. This was done after the bill in this cause was filed, January 14, 1907.

As the former judgment was void, the appeal remained pending before the board as before, and the board, upon proper notice to complainant, had jurisdiction to reopen the case and render judgment or finding by the full board.

The board having jurisdiction of the person and subject-matter, this judgment of reassessment is not subject to collateral attack for alleged irregularities, such as that it was unjust, based on no evidence, or not sufficient evidence; nor is it subject to collateral attack on the ground that complainant has violated none of the provisions of the act of 1903, upon which reassessments can be made. This latter is a jurisdictional fact to be determined by the board from the evidence before it; and the question as to whether it had this evidence is to be determined by the board. These matters can be reviewed only on *certiorari*.

The facts that the property had been regularly assessed in the first instance, the assessments passed upon by the county board of equalization, in turn, by the State board, and by it certified back to the county, and taxes paid by complainant, will not prevent a reassessment in a proper case.

The result of the holding in this case is that the original bill is properly filed, and the demurrer thereto

Smoky Mountain, etc., Co. v. Lattimore.

is overruled.  The demurrer to the cross bill is also over-ruled, and the cause is remanded to the chancery court for further proceedings in accordance with this opinion.

The costs of appeal will be paid one-half by complainant and one-half by defendant.