McMINNVILLE FREIGHT LINE, INC., a Tennessee corporation with its principal place of business in McMinnville, Tennessee, Appellant and Plaintiff,

v.

Hon. Z. D. ATKINS, Chairman, et al., Appellees and Defendants.

Supreme Court of Tennessee.

Oct. 15, 1974.

Hooker, Keeble, Dodson & Harris, Nashville, for appellant and plaintiff.

James Clarence Evans, Charles Carter Baker, Jr., Nashville, for Potter Freight Lines, Inc.

Eugene W. Ward, Gen. Counsel, Tennessee Public Service Commission, Nashville, for appellees and defendants.

## OPINION

FONES, Chief Justice.

On this appeal from the Chancery Court of Davidson County, appellant contends that an order of the Public Service Commission, granting a certificate of convenience and necessity to Potter Freight Lines, Inc., is void, because the quorum present at the hearing was not the same quorum that made the decision.

Potter Freight Lines, Inc. filed an application with the Tennessee Public Service Commission, seeking a certificate of convenience and necessity authorizing the transport of general commodities from points in Warren County, including McMinnville, to Memphis. The application was resisted by McMinnville Freight Line, Inc.

On April 24, 25, and May 9, 1973, the parties presented their proof before Commissioners Clement and Pentecost. The testimony of the witnesses was transcribed and, on November 2, 1973, the Commission entered an order granting the certificate sought by Potter. The order was signed by Commissioners Atkins and Pentecost. Said order is 21 pages in length, reviews

and summarizes the testimony of 18 witnesses, and, at the conclusion of its findings on page 20, recites as follows:

"Therefore, upon consideration of the entire record in this proceeding, and the evaluation of all factors required to be considered by the Motor Carrier Act, as amended, Sections 65–1501 through 65–1525, T.C.A., the Commission finds that the public convenience and necessity will be promoted by the creation of the service proposed by this application, . . ."

The Chancellor affirmed the action of the Commission. Appellant contends, in this Court, that, while T.C.A. § 65–108 provides that a majority of the Commissioners shall constitute a quorum for the transaction of business, it does not authorize or contemplate that they will sit in shifts; that the purpose of an oral hearing before the Commission, as contemplated in T.C.A. §§ 65–208 and 65–209, is thus thwarted.

Reliance is placed upon Polk County v. State Board of Equalization, 484 S.W.2d 49 (Tenn.App.1972). The hearing of the State Board of Equalization that was under scrutiny in said case began in the morning with four Board members present, a lawful quorum of the seven-member Board. At the afternoon session, only three Board members were present, thus rendering the Board ineffective to transact its business lawfully, and the Court of Appeals so held.

In addition, only two members who heard all of the evidence signed the order enunciating the decision of the Board.

The Court of Appeals condemned that action by ruling that the same quorum must participate from inception to conclusion. As we understand the reasoning of the Court of Appeals, said ruling was based principally upon the case of Smoky Mountain Land Co. v. Lattimore, 119 Tenn. 620, 105 S.W. 1028 (1907). In *Lattimore*, this Court held that the State Board of Equalization constituted a quasi

court. The relevant legal principle decided therein is contained in the following quote from the decision:

"The hearing of the case by only one member of the board is equivalent to no hearing. The citation given to complainant in the first instance is to afford an opportunity to be heard by a legally constituted board; and the Legislature did not intend that one member of the Board can conduct alone the trial, hear the evidence and argument of counsel, pass upon the sufficiency of these, render judgment, and have his judgment signed by the remaining members of the Board, before whom neither the complainant nor his counsel have had a hearing. It was intended at least a quorum should hear the trial; otherwise, the citation to complainant to appear and make defense would be an empty, meaningless formality."

The rule of *Lattimore* is twofold, (1) A board cannot conduct a legal hearing with less than a quorum present, (2) A board member before whom neither complainant nor his counsel have had a hearing cannot render judgment. It will be shown hereinafter that, with respect to administrative bodies, the rule is that an official who has a transcript of the testimony, the exhibits and the entire record before him, and considers and evaluates same, may render judgment, as the parties are deemed to have had "a hearing".

This Court held in Hoover Motor Express Co. v. Railroad and Public Utilities Commission, 195 Tenn. 593, 261 S.W.2d 233 (1953), that the predecessor in name of the present Tennessee Public Service Commission is an administrative board and not a court; that the grant or refusal of a license to use public highways in commerce is purely an administrative question. The fact that proceedings in quest of a certificate from the subject Commission bear, in part, similarity to proceedings of quasi-judicial bodies, as urged by appellant, does not alter the holding of *Hoover*, which has

been reaffirmed in a number of subsequent cases.

Parenthetically, appellant directs our attention to T.C.A. § 65–208 and T.C.A. § 65–209 as supporting its insistence that we characterize the Commission as a quasi-judicial body. T.C.A. § 65–209 contains the following, which we deem inconsistent with quasi-judicial proceedings, and consistent with administrative proceedings:

"The Commission shall not be bound by the rules of evidence applicable in a court but it may admit and give probative effect to any evidence which possesses such probative value as would entitle it to be accepted by reasonably prudent men in the conduct of their affairs; . . ."

"All evidence including records and documents in the possession of the commission of which it desires to avail itself, shall be offered and made a part in the case . . ."

T.C.A. § 65–211 authorizes the Commission to refer all or any part of the proceedings in a case to a hearing examiner; that hearing examiners shall report findings of fact and conclusions of law to the Commission, but that before entering a final order the Commission is charged with the responsibility of personally considering the entire record and making its decision thereon. By statute, the Commission has an official reporter and all testimony is thus preserved, whether the oral hearing is conducted by an examiner or the Commission. That the members of the State Board of Equalization who were not present at the hearing in *Lattimore* and *Polk County* had no transcript of the proceedings upon which to make a decision, is implicit if not explicit, in said cases.

Eastland Co. v. Federal Communications Commission, 67 App.D.C. 316, 92 F.2d 467 (1937), involved a proceeding before the FCC, wherein Commissioners Gary, Brown and Sykes were present for the oral hearings in October and November, 1934. The decision in the case was rendered in May, 1936, by Commissioners Sykes, Case and Prall. It was asserted by the appellants that they were entitled to have their case passed upon by the identical members of the Commission who were present at the time the evidence was adduced. The Circuit Court of Appeals makes reference to the fact that the case would have been heard by a hearing examiner, but for the fact that the questions involved concerned a change of policy of the Commission. It is apparent from the decision that the procedure of the FCC in having stenographic reports of the oral hearing, followed by briefs and a consideration and evaluation of the entire record by those Commissioners who make the decision and sign the order, parallels the procedure of the Tennessee Public Service Commission. In *Eastland,* the Court held the order valid, the three members who rendered the decision having fully considered the evidence and the entire record of the case.

■ Appellant further contends that due process under both the State and Federal Constitutions require that, "he who hears must decide." We have examined all of the authorities relied upon by appellant and find that, with respect to administrative bodies, the constitutional requirements of fundamental fairness, relevant here, are delineated in the following quote from Morgan v. United States, 298 U.S. 468, at 481, 56 S.Ct. 906, at 912, 80 L.Ed. 1288, at 1295:

". . . Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates. Argument may be oral or written. The requirements are not technical. But there must be a hearing in a substantial sense. And to give the substance of a hearing, which is for the purpose of making determinations upon evidence, *the officer who makes the determinations must consider and appraise the evidence which justifies them."* (Emphasis supplied).

Finally, appellant asserts that the Chancellor erred in considering the affidavit of Commissioner Atkins that was attached to the Commission's answer to the appellant's petition in the Chancery Court. The affidavit, if properly before the Court, would be redundant. The 21-page order signed by Commissioner Atkins factually recites that he had considered the entire record and evaluated all of the factors relevant under the Motor Carrier Act.

From his official act of signing the order the law presumes that he has performed his duty.

The decree of the Chancery Court of Davidson County is affirmed. The costs are adjudged against appellant.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.