TENNESSEE FERTILIZER Co. *et al. v.* McFALL *et al.*

(*Nashville.* December Term, 1913.)

1. **CONSTITUTIONAL LAW.** Taxation. Due process of law.
Tax proceedings. Hearing. Interested party.

Revenue Act 1907, ch. 602, sec. 30, requiring back tax proceedings
to be instituted and heard before the county trustee, whose
compensation, by section 48, is made to depend on the amount
adjudged to be due from the taxpayer in such proceedings, does
not for that reason deprive the taxpayer of due process of law
in that the trustee is a party in interest, nor is the taxpayer
for that reason deprived of a hearing in accordance with the
"law of the land." (*Post, pp.* 649, 650.)

Acts cited and construed: Acts 1907, ch. 602, sec. 30.

Constitution cited and construed: Art. I., sec. 8.

Case cited and approved: Grundy County v. Tennessee Coal,
etc., Co., 94 Tenn., 295.

2. **CONSTITUTIONAL LAW.** Back taxes. Assessment. Hearing before assessing officer.

It is not necessary that the statute providing for the assessment
of back taxes should provide the taxpayer with an opportunity
for hearing before the county trustee making the assessment;
it being sufficient that the taxpayer is given an opportunity to
appeal to the board of equalization and that he is afforded an
opportunity to review the proceedings of the board in the courts
by *certiorari*. (*Post, p.* 652.)

Acts cited and construed: Acts 1907, sec. 30.

Case cited and distinguished: E. Tenn. Brewing Co. v. Currier,
126 Tenn., 535.

Cases cited and approved: McMillen v. Anderson, 95 U. S., 37;
Paulsen v. Portland, 149 U. S., 30; Winona & St. Paul Land Co.
v. Minnesota, 159 U. S., 526; Palmer v. McMahon, 133 U. S.,
660.

3. **CONSTITUTIONAL LAW.    Due process of law.    Back tax proceedings.    Notice.**

The notice required to be given to a taxpayer in back tax proceedings required by Acts 1907, ch. 602, being such as to advise the taxpayer that back assessment proceedings are to be begun against him, is sufficient; the burden being on him to show that he has paid taxes on all his property at a fair valuation. (*Post, p.* 655.)

4. **CONSTITUTIONAL LAW.    Assessment.    Back taxes.    Notice.**

Where property owner actually participated in proceedings to make an assessment of back taxes against his property, he could not thereafter complain that the statute did not provide for a sufficient notice of the proceedings. (*Post, p.* 655.)

Cases cited and approved: Williams v. Eggleston, 170 U. S., 304; C., B. & Q. R. Co. v. Nebraska, 170 U. S., 57; Security Trust & Safety Vault Co. v. Lexington, 203 U. S., 323.

5. **CONSTITUTIONAL LAW.    Due process of law.    Back tax proceedings.    Notice.    Time.**

The 10 days' notice provided by Revenue Act 1907, ch. 602, for an appeal from a county trustee's back tax assessment to the board of equalizers, was long enough to constitute due process of law. (*Post, p.* 656.)

Cases cited and approved: Bellingham Bay & B. C. R. Co., v. New Whatcom, 172 U. S., 314; Ballard v. Hunter, 204 U. S., 241.

6. **JUDGES.    Judicial officers.    County trustee.    Compensation.    Back tax proceedings.**

The county trustee in making assessments of back taxes as provided by Revenue Act 1907, ch. 602, is not a judge of the Supreme or inferior courts, but exercises *quasi* judicial authority only, and is therefore not within Const. art. 6, secs. 7, 11, providing that such judges shall at stated times receive compensation for their services and shall not be allowed any fees or perquisites and shall not preside in the case in the event of which he may be interested. (*Post, p.* 656.)

Fertilizer Co. v. McFall.

Constitution cited and construed: Art. 6, secs. 7, 11.

Case cited and approved: Grundy County v. Tenn. Coal, etc., Co., supra.

7. CONSTITUTIONAL LAW. Departments of government. Judicial powers. County trustee. Revenue Act 1907, ch. 602, in so far as it vests *quasi* judicial authority in back tax proceedings on the county trustee, was not violative of Const. art. 6, sec. 1, vesting the judicial power of the State in the Supreme and other specified courts. (*Post, p.* 657.)

Acts cited and construed: Acts 1907, sec. 30.

Constitution cited and construed: Art. 6, sec. 1.

8. TAXATION. Back assessment. Statutes. Application.

Revenue Act 1907, ch. 602, in so far as it provides for the back assessment of taxes, merely undertakes to provide a new remedy for the collection of taxes already delinquent at the time of its passage, and hence taxes on omitted property accruing prior to the adoption of the act were recoverable thereunder. (*Post, p.* 658.)

Case cited and approved: League v. Texas, 184 U. S., 156.

9. TAXATION. Manufacturing corporations. Assessment of stock. Exemption.

Revenue Act 1907, ch. 602, sec. 8, provides that all personal property shall be assessed under certain classes, class 6 including shares of stock, except when the corporate property or capital stock is assessed, in lieu of the shares of stock, as provided in section 22, which declares that each manufacturing corporation, whether foreign or domestic, shall pay an *ad valorem* on the actual cash value of its capital stock or corporate property, including franchises, easements, incorporeal rights and privileges, and all other corporate property, which shall not be less than the actual cash value of both its shares of stock and its bonded debt, etc. *Held,* that it was the legislative intention under such act to assess the capital stock and corporate property of all manufacturing corporations, whether foreign or domestic, and hence the shares of such corporations so assessed were exempt from further taxation. (*Post, pp.* 659, 660, 661.)

Fertilizer Co. v. McFall.

Acts cited and construed:   Act 1907, ch. 602, secs. 8, 21-24;
   Acts 1897, ch. 5; Acts 1903, ch. 258, 22-24.
Case cited and distinugished:   Express Co. v. Patterson, 122 Tenn.,
   279.
Cases cited and approved:   Bank v. Memphis, 101 Tenn., 154;
   Carroll v. Alsup, 107 Tenn., 257; Briscoe v. McMillan, 117 Tenn.,
   126.

FROM MAURY.

Appeal from Chancery Circuit Court, Maury County.
—W. S. Bearden, Chancellor.

Holding & Garner, E. H. & C. P. Hatcher, and C.
Owen, for Tennessee Fertilizer Co.

J. W. Fowler, O. K. Holladay, Peebles & Forgey,
and T. B. Little, for McFall.

Mr. Justice Green delivered the opinion of the
Court.

The bill in this case was filed by the Tennessee Fer-
tilizer Company and J. H. Carpenter, executor of W.
J. Howard, deceased, to enjoin certain proceedings
begun by the revenue agent to back assess shares
of stock in the Tennessee Fertilizer Company belong-
ing to the estate of said Howard. The Tennessee Fer-
tilizer Company is an Alabama corporation doing part
of its business in this State.

Certain proceedings were had before the chancel-
lor not necessary to be detailed, and he held the shares

of stock liable for taxes for the years 1907, 1908, 1909, and 1910. From this decree J. H. Carpenter, executor, has appealed. The chancellor disallowed certain penalties and interests claimed by the revenue agent, and from that portion of his decree the revenue agent has appealed.

Five assignments of error relating to matters of practice and procedure have been filed by the executor which it is not worth while to discuss in this opinion. These assignments are overruled.

Assignments of error 5 to 12, made by the executor, challenge the constitutionality of chapter 602 of the Acts of 1907; same being the Revenue Act of that year. The act is assailed on various grounds. Most of the questions made in these assignments of error have been heretofore considered and determined adversely to the contention of Carpenter, and in disposing of them it will be necessary to do little more than refer to decisions of this court and of the Supreme Court of the United States in cases in which like objections were made to the different revenue acts of this and other States.

The fifth assignment of error is that the chancellor erred in holding the act was not in violation of the fourteenth amendment to the Constitution of the United States, for that by section 30 of said act back assessment proceedings were to be instituted and heard before the trustee, and by section 48 of said act the trustee's compensation for such services was dependent upon the amount adjudged to be due from

the taxpayer in these proceedings for back assessment. It is insisted that the trustee is an interested party, and taxpayers are deprived of due process of law in being forced to trial before him under such circumstances.

This contention is overthrown by the supreme court in the case of *Hibben v. Smith,* 191 U. S., 310, 24 Sup. Ct., 88, 48 L. Ed., 195, where it was held that an owner of property which was assessed for local improvement was not denied due process because two members of the board of assessors were owners of lots abutting on the improvement and assessable therefor, and thus directly interested in said assessment. The court held that a board so constituted was not analogous to a judge of a court who sat in a case in which he was personally interested.

The sixth assignment is that the chancellor erroneously held section 30 of this act not to be in conflict with section 8, art. 1, of the Constitution of Tennessee. It is urged that, because of the interest of the trustee just referred to, proceedings before him in a matter of this kind are not in accordance with the "law of the land."

The same argument was made in *Grundy County v. Tennessee Coal, etc., Co.,* 94 Tenn., 295, 29 S. W., 116. Under the Assessment Act, there construed, the compensation of the tax assessor was fixed in proportion to the amount of taxes assessed, collected and paid over. In response to a similar attack on that statute, this court said:

"If this position be tenable and the result as claimed, then it is evident that all our laws in regard to the assessment of property for purposes of taxation are, and have been for a series of years, unconstitutional, for they all give to the assessor a certain per cent. upon property assessed by him for his services, and his compensation is thus made to depend upon the amount of property assessed and valuation placed upon it by him. (See the last act of extra session 1890, chapter 30, sec. 1.) A similar rule prevails in regard to trustees in assessing picked up taxes.

"Whatever may be said of the unwise policy of providing that the assessors shall receive a compensation regulated by the amount and value of the property assessed by them, it is evident that it has been adopted in our legislation, and must stand, unless it is inhibited by constitutional provisions. While the assessor, in the discharge of his duty, exercises a judicial or *quasi* judicial function, still he is not a judge of a supreme or inferior court in the sense of the constitutional provision, and that provision cannot be held to apply to such offices, because not in the letter of the inhibition." *Grundy County* v. *Tennessee Coal, etc.,* supra.

An effort is made to distinguish the present case from the case of *Grundy County* v. *Tennessee Coal, etc., Co.,* supra. Under the statute considered in that case, the assessor was only clothed with power to back assess and determine the value of the property. Suit was brought upon his assessment. He was not em-

powered as is the trustee by the Act of 1907 to proceed himself to collect the assessment levied. This difference between the two acts furnishes no ground upon which to base a substantial distinction. The essentially judicial feature of the power conferred under both acts was the determination of the value of the property. That is the only act which involves judicial discretion. Having determined the value of the property, and it being permissible for him so to do upon the authority of *Grundy County* v. *Tennessce Coal, etc., Co.*, supra, the other duties imposed upon the trustee by the Act of 1907 are ministerial or clerical in their nature rather than judicial.

The seventh assignment of error is to the same effect as the sixth, just discussed.

As a further answer to these assignments of error, it is proper to observe that under the decision of this court, and of the supreme court of the United States, it was not necessary for the statute to provide any opportunity at all for the hearing of the taxpayer by the trustee. The proceedings of the trustee might have been *ex parte* without notice to the taxpayer and without his presence or participation, and inasmuch as the taxpayer is given by the terms of the act an opportunity to appeal from the trustee's action to the board of equalization, and has the further opportunity to obtain a review of the proceedings before the board of equalization in the courts, by *certiorari*, there is no room for him to complain. All he can demand is that at some stage of the proceedings he be given an op-

portunity to be heard and present his rights before an impartial tribunal. Inasmuch as he has no constitutional right to any hearing at all in the initial proceedings before the trustee, it follows that he cannot be heard to say the trustee was incompetent, under the constitution.

In the late case of *East Tennessee Brewing Co.* v. *Courier*, this court considered the constitutionality of that section of the act of 1907, authorizing county court clerks, when it came to their knowledge that any person was in possession of a federal liquor dealer's license, to proceed summarily against such person by distress warrant without notice, and seize his property for subjection to the payment of the liquor dealer's license exacted by the State. We upheld the validity of this provision of the act, and, after a review of the cases, said:

"From all the authorities, it is evident that the State has the power to assess taxes and fix methods for the collection thereof, and it does not matter if these remedies be summary in their nature, so long as the taxpayer is in some way, at some stage of the proceedings, given an opportunity to be heard and have his rights determined before some competent tribunal.

"The statute in this case directed the issuance of a distress warrant upon certain conditions made to appear to the clerk of the county court.

"The statute might have prescribed that notice be given to the delinquent taxpayer before the issuance

of a warrant; but the legislature did not see proper to include such a provision, and it was entirely within their power to omit it, inasmuch as the taxpayer has open to him the several methods, heretofore pointed out, of calling in question the validity of the demand made against him." *E. Tenn. Brewing Co.* v. *Currier,* 126 Tenn., 535, 150 S. W., 541.

In the above case the property of the delinquent taxpayer was actually seized under the statute without notice to him; but inasmuch as he was given an opportunity to have his rights determined later, we held, upon the authorities, that he was not deprived of due process.

This holding is in exact accord with that of the supreme court of the United States.

It is held in *McMillen* v. *Anderson,* 95 U. S. 37, 24 L. Ed., 335, that the revenue laws of the State may be in harmony with the fourteenth amendment to the United States Constitution, although they do not provide for the presence of a person when a tax is assessed against him, or that the tax should be collected by suit.

If a provision is made for notice to and hearing of each proprietor at some stage of the proceedings upon the question of what proportion of an assessment should be assessed upon his land, there is no taking of his property without due process of law, although the public improvement for which it is imposed was made without notice to him. *Paulsen* v. *Portland,* 149 U. S., 30, 13 Sup. Ct., 750, 37 L. Ed., 637.

Opportunity to question the validity or the amount of the tax, either before the amount is determined or in subsequent proceedings for its collection is sufficient to make due process of law in the imposition of a tax or assessment upon property according to its value. *Winona & St. Paul Land Co.* v. *Minnesota,* 159 U. S., 526, 16 Sup. Ct., 83, 40 L. Ed., 247.

When the law provides for a mode of confirming or contesting assessment of taxes by a board of revision whose action can be reviewed on *certiorari* with due notice to the person assessed, the assessment does not deprive the owner of his property without due process of law. *Palmer* v. *McMahon,* 133 U. S., 660, 10 Sup. Ct., 324, 33 L. Ed., 772.

Under the eighth assignment of error the act is sought to be held in violation of the fourteenth amendment to the federal constitution because the notice provided by the statute is insufficient. We do not think this contention is well taken. The notice advises the taxpayer that back assessment proceedings are to be begun against him, and, if he is able to show that he has paid taxes on all his property at a fair valuation, he cannot be hurt. He knows what property he has, and he knows its value, and should come prepared to prove these things, and that he has paid his taxes. Furthermore, inasmuch as this taxpayer actually participated in this back assessment proceeding, he cannot be heard to complain nor attack the statute because of any want of notice. *William* v. *Eggleston,* 170 U. S., 304, 18 Sup. Ct., 617, 42 L. Ed., 1047; *C., B. & Q. R.*

*Co.* v. *Nebraska,* 170 U. S., 57, 18 Sup. Ct., 513, 42 L. Ed., 948; *Security Trust & Safety Vault Co.* v. *Lexington,* 203 U. S., 323, 27 Sup. Ct., 87, 51 L. Ed., 204.

Another point made under this assignment is that the provision of the act allowing only ten days in which to appeal to the board of equalizers is unreasonable and in conflict with the idea of due process. The supreme court of the United States has held that such a period of time is not so short as to be insufficient for due process. *Bellingham Bay & B. C. R. Co.* v. *New Whatcom,* 172 U. S., 314, 19 Sup. Ct., 205, 43 L. Ed., 460; *Ballard* v. *Hunter,* 204 U. S., 241, 27 Sup. Ct., 261, 51 L. Ed., 461.

The ninth assignment is that the act of 1907 violates article 6, section 7, of the constitution, in which it is provided that the judges of the supreme and inferior courts shall at stated times receive compensation for their services, and shall not be allowed any fees or perquisites.

The argument is that, the trustee being a judicial officer in back assessment proceedings, it is illegal to allow him compensation in the way of fees based upon the amount of property assessed by him. *Grundy County* v. *Tenn. Coal, etc., Co.,* as we have seen, answers this contention. It was therein expressly held that a trustee, although clothed with *quasi* judicial authority in such matters, was not a judge of the supreme or inferior courts as those terms are used in the constitution.

The tenth assignment urges that the act violates article 6, section 11, of the constitution of Tennessee, providing that no judge of thé supreme or inferior courts shall preside in a case in the event of which he may be interested.

What has been said in reply to the preceding assignments answers this contention. The trustee is not a judge of the supreme or inferior courts. *Grundy County* v. *Tenn. Coal, etc., Co.*, supra.

The eleventh assignment raises the point that the act violates section 1, art. 6, of the constitution of Tennessee, providing that the judicial power of the State shall be vested in the supreme court, and in such circuit, chancery, and other inferior courts as the legislature may establish, and in justices of the peace.

It is argued that by reason of the provisions of this section of the constitution, the legislature was without power to commit judicial authority to the trustee, such as given him by the act in question.

It has been customary for many years to clothe the trustee with powers like these, and, while the exercise of such powers is judicial in character, this court has uniformly upheld such legislation and refers to the trustee as a *quasi* judicial officer. That is to say, the authority conferred upon him is not judicial in the sense of the constitution, but *quasi* judicial upon our cases.

The twelfth assignment of error challenges generally the constitutionality of section 30 of the act of 1907, and

128 Tenn. 42

is a mere grouping of the several constitutional attacks which we have already considered. It is therefore overruled without further discussion.

The thirteenth assignment raises the question that the trustee was without authority to back assess omitted property under the provisions of the act of 1907. This contention finds no ground upon which to rest as we view the act. Back assessment of omitted property is provided for in the first clause of section 30, and also in the citation, and counsel are not warranted in selecting from section 30 a particular passage and saying that omitted property is not included in the provision for back assessment because not included within this particular passage.

Under the fourteenth assignment, it is contended that the trustee had no power to back assess property for the year 1907.

The fifteenth assignment is to the same effect.

It is urged that inasmuch as this act was not passed until April, 1907, taxes which accrued January 10, 1907, could not be back assessed thereunder. There is nothing in this argument. The statute merely undertakes to provide a new remedy for the collection of taxes already delinquent at the time of its passage. There is nothing irregular or unconstitutional in such provision. *League* v. *Texas,* 184 U. S., 156, 22 Sup. Ct., 475, 46 L. Ed., 478.

The remaining assignments of error filed by Carpenter make the point that the Tennessee Fertilizer Company is a manufacturing corporation, and that un-

der the provisions of chapter 602 of the Act of 1907 shares of stock of such a corporation are not assessable. These assignments of error are well made and must be sustained.

Without entering into a discussion of the facts, we find that the Tennessee Fertilizer Company is a manufacturing corporation. It is likewise a foreign corporation, being chartered under the laws of the State of Alabama.

In the act of 1907 are the following provisions:

"Section 8. Be it further enacted, that all personal property of every kind shall be assessed under the following classification: . . .

"Class 6. All bonds, except United States bonds, and all shares of stock, except when the corporate property or capital stock is assessed in lieu of the share of stock as hereinafter provided in section 22 of this act."

Here is a plain exclusion from assessment of shares in corporations whose corporate property or capital stock is assessed as provided in section 22. The language used is a declaration that the mode of corporate assessment provided in section 22 is in lieu of assessment upon shares of stock. It is immaterial that section 22 does not again declare that the assessment therein provided for shall be in lieu of assessment upon shares of stock. That would be a mere repetition as suggested by counsel.

Turning to section 22, we find it provided that 'each manufacturing corporation, either foreign or domestic, shall pay an *ad valorem* upon the actual cash value

of its capital stock or corporate property, including its franchises, easements, incorporeal rights and privileges, and all other corporate property, which said value shall not be less than the actual cash value of both its shares of stock and its bonded debt, and which said value shall be computed by looking to and considering the market value, etc.''

Section 23, which is merely a continuation of sections 21 and 22, and an effort to make more explicit the provisions of sections 21 and 22, contains particular and exclusive language respecting the assessment of foreign manufacturing corporations as follows:

''Foreign corporations mentioned in sections 21 and 22 having branch factories or business in this State shall only be assessed on the actual cash value of the corporate property in this State; provided, however, the franchise and intangible property of the corporation in this State shall be included in the valuation of the corporate property in the State.''

There can be no doubt upon consideration of these sections of the act of 1907, but that it was the intention of the legislature to assess the capital stock and corporate property, tangible and intangible, of all manufacturing corporations, foreign or domestic, and shares of stock in corporations so assessed are expressly excluded from assessment by the provisions of section 8 heretofore noted.

It is within the power of the legislature to assess corporations upon their corporate property and capital stock excluding the shares of stock, or it is within

the power of the legislature to assess shares of stock in lieu of corporate property and capital stock. The latter method of assessment was adopted in section 24 of the act of 1907, respecting banking associations and other corporations therein named. Either mode of assessment is valid, and neither can be regarded as unlawfully exempting corporate property from taxation. The two plans are merely different methods of assessment of corporate property. *Bank* v. *Memphis,* 101 Tenn., 154, 46 S. W., 557; *Carroll* v. *Alsup,* 107 Tenn., 257, 64 S. W., 193.

As to manufacturing corporations, both domestic and foreign, the legislature undertook to assess capital stock and corporate property in lieu of shares of stock.

It was held in *Express Co.* v. *Patterson,* 122 Tenn., 279, 123 S. W., 353, that this effort, in so far as it was sought to reach the intangible property of foreign corporations, had failed because no provision was made fixing the *situs* of the intangible assets of such corporations, and no method was pointed out for ascertaining the value of such intangible assets and assessing them for taxation. This was all that was decided in *Express Co.* v. *Patterson,* supra.

It is insisted by counsel for the revenue agent that inasmuch as all of the corporate property of such foreign corporations cannot be reached under the holding of *Express Company* v. *Patterson,* and the design of sections 21, 22, and 23 cannot be accomplished, the court should hold that shares of stock in these cor-

porations are assessable under section 24, which provides for assessment of shares of stock in banks, etc., and companies ''other than such as are defined and assessable under sections 21 and 22 of this act.'' It is urged that under *Express Co.* v. *Patterson,* foreign corporations are not covered by sections 21 and 22 and should therefore be held to fall within section 24.

We cannot agree to this argument. As stated in *Express Co.* v. *Patterson,* supra, and other cases, the constitutional provision requiring all property to be taxed is not self-executing. The legislature must devise plans for putting this mandate of the constitution into effect. Unquestionably the legislature did undertake to provide for the assessment of all the corporate property, tangible and intangible, of foreign manufacturing corporations, in so far as said property was located in this State. It is equally clear that it was intended to omit from assessment shares of stock in such corporations.

As pointed out in *Express Co.* v. *Patterson,* supra, this effort of the legislature to assess the corporate property of foreign corporations has failed in so far as their intangible property is concerned, because no scheme is provided for ascertaining the value of such property and fixing its *situs.* This failure is to be regretted, but the remedy is with the legislature.

This court has no power to levy an assessment or to devise a scheme of taxation. The court cannot hold shares of stock in foreign corporations liable to assessment merely because the effort of the legislature to

assess the property of such corporations in another manner has proven partially ineffectual.

There is no conflict between what we have said and the language used in *Express Co.* v. *Patterson,* supra. In that case, speaking with reference to the Southern Express Company, a *quasi* public corporation, the court expressed the opinion that it was not the intention of the legislature to provide in sections 22, 23, and 24 of chapter 258 of the Acts of 1903 for the assessment of its intangible property. These sections of the act of 1903 are similar to the same sections of the act of 1907. The court was referring only to the express company, a *quasi* public corporation. The property of such corporations is ordinarily assessed by the railroad commissioners, under the provisions of chapter 5 of the Acts of 1897, and this court thought it was not the intention of the legislature to discriminate against express companies and require a mode of assessment for their property different from the manner of assessing property of like corporations. Therefore it was said that these sections of act of 1903 did not apply to complainant in that case.

Obviously, the sections of the act of 1907 which we have heretofore noticed, in so far as the intention to assess is concerned, do apply to foreign manufacturing corporations, such as the Tennessee Fertilizer Company, and there is no intimation to the contrary in *Express Co.* v. *Patterson,* supra.

We conclude that the act of 1907 contains no provision for the assessment of shares of stock in foreign

manufacturing corporations, and the proceedings before the trustee of Maury county by which this assessment was levied on shares of stock in the Tennessee Fertilizer Company were void. The complainant, Carpenter, is accordingly entitled to have such proceedings perpetually enjoined. *Briscoe* v. *McMillan,* 117 Tenn., 126, 100 S. W., 111; *Express Co.* v. *Patterson,* 122 Tenn. 279, 123 S. W., 353.

The decree of the chancellor is therefore reversed, and the injunction granted as prayed in the bill.

PER CURIAM.

Upon a full reconsideration, we are of opinion that the petition to rehear filed in this case by the revenue agent is not well taken, and it is accordingly denied.