Sloan v. City of Columbia.

J. A. SLOAN *et al.* v. CITY OF COLUMBIA *et al.*

(*Nashville,* December Term, 1920.)

1. **STATUTES.** Statutes levying taxes not extended beyond clear meaning and construed in favor of citizens.

Statutes levying taxes will not be extended by implication beyond the clear meaning of the language used; all questions of doubt being resolved against the government and in favor of the citizens. (*Post, pp.* 209-212.)

Acts cited and construed. Acts 1907, ch. 602;
Cases cited and approved: Plow Co. v. Hays, 125 Tenn., 148; Memphis v. Bing, 94 Tenn., 644; English v. Crenshaw, 120 Tenn., 531; Bell v. Watson & Bro., 71 Tenn. 328; Druggist Cases, 85 Tenn., 449; Memphis v. Express Co., 102 Tenn., 336; Gulf Refining Co. v. Chattanooga, 136 Tenn., 505.

Constitution cited and construed: Sec. 8, art. 1.

2. **TAXATION.** Shares of stock in mercantile corporation not assessable to individual shareholders where capital stock assessed to corporotion itself.

Under Acts 1907, chapter 602, section 24, providing that shares of stock in any bank, loan, insurance, investment, or cemetery company shall be taxed as the personal property of the stockholders, but that the assessment of such shares shall be in lieu of any assessment or taxation of the capital stock or corporate property of such corporation, section 8, subsec. 6, providing for the assessment of all shares of stock, except when the corporate property or capital stock is assessed in lieu thereof, as provided in sections 21 and 22, covering all corporations except those enumerated in section 24, and section 26, providing that mercantile corporations shall pay an *ad valorem* tax on their capital stock, shares of stock, in corporations enumerated in section 24 may be assessed in lieu of the assessment of the corporate property, but

Sloan v. City of Columbia.

all the property of every other corporation, including its capital stock, is to be assessed to the corporation itself, so that shares of stock in such corporations are not assessable to the individual shareholders. (*Post, pp.* 212, 213.)

3. **STATUTES.** , Construction of act by assessors entitled to great weight.

The construction placed on an act taxing the capital stock of corporations by those charged with the duty of assessing the taxes, in not attempting to assess the shares of stock to the shareholders, though not binding on the court, is entitled to great weight. (*Post, p.* 213.)

Cases cited and approved: Plow Co. v. Hays, 125 Tenn., 148; Lodge v. Nashville, 127 Tann., 248.

4. **TAXATION.** Legislature may assess capital stock to corporation itself or share to shareholders inndividually.

It is within the power of the legislature to assess the corporate property or capital stock of a corporation to the corporation itself or to assess to the individual shareholders the value of the shares owned by them. (*Post, p.* 213.)

Cases cited and approved: Bank v. Memphis, 101 Tenn., 154; Carroll v. Alsup, 107 Tenn., 257.

Case cited and distinguished Fertilizer Co. v. McFall, 128 Tenn., 645.

---

FROM MAURY.

---

Appeal from the Chancery Court of Maury County—. HON THOS. B. LYTLE, Chancellor.

HUGHES, HATCHER & HUGHES and FRANK M. THOMPSON, Attorney-General, for the State.

W. J. Towler, for City of Columbia.

Peerles & Forgey, for defendants.

Mr. Justice Hall delivered the opinion of the Court.

The bill in this cause was filed on December 20, 1919, by J. A. Sloan, Mrs. J. A. Sloan, and George E. Sloan against the city of Columbia (a municipal corporation), W. P. Erwin, its recorder, B. C. Dedman, its regular attorney, and W. J. Towler, its special attorney.

The purpose of the bill was to enjoin the city of Columbia and its officers and attorneys from prosecuting certain proceedings instituted before the recorder of said city for the purpose of assessing and back-assessing certain shares of stock owned by the complainants in J. A. Sloan Company (a mercantile corporation), engaged in the wholesale grocery business at Columbia, Tenn., and at other places in the State of Tennessee and in the State of Alabama for the years 1916, 1917, 1918, and for the current year 1919.

A *fiat* for a preliminary injunction was granted by Hon. W. B. Turner, circuit judge, and an injunction was issued as prayed for in the bill.

The defendants answered the bill and a stipulation was entered into by counsel for the parties with respect to certain facts.

Upon final hearing the chancellor held and decreed that the shares of stock owned by complainants in J. A. Sloan Company were not taxable, and therefore could not be legally assessed for said years; and the injunction was made perpetual, and all the costs of the cause were adjudged against the city of Columbia.

From this decree defendants have appealed to this court and have assigned errors.

The bill alleges that J. A. Sloan Company is a mercantile corporation organized and existing under and by virtue of the laws of the State of Tennessee, and that the same was organized and incorporated in the year 1903, and that its principal office and place of business has been in the city of Columbia, Tenn., ever since its organization.

It is further alleged that ever since its incorporation in 1903 such corporation has been engaged in the wholesale grocery business, with its principal place of business at Columbia, Tenn., and its several branch houses are located in different counties in Tennessee, to wit, South Pittsburg, Fayetteville, Dayton, and also at Florence, in the State of Alabama; that said corporation was first incorporated with an authorized capital stock of $30,000, which was graduallly increased until its authorized capital stock was, by proper charter amendment in 1917, increased to $350,000.

The bill then alleges that the stock of said company was at all times divided into shares of the par value of $100 each, and then sets out the number of shares owned by each of the complainants during each of the years of 1916, 1917, 1918, and 1919.

It is further alleged that during each and all of said years said J. A. Sloan Company has paid all of its privilege taxes for carrying on and engaging in the business of a merchant in the city of Columbia, Tenn., and in Maury county, Tenn., and also all other places where said company then had branch houses or places of business.

The bill further alleges that said J. A. Sloan Company has been assessed and paid taxes on all of its property, including the capital in its business, or its capital stock, and that the city of Columbia has received and will receive its just and adequate part of said taxes, both privilege and *ad valorem*.

It is then alleged that the shares of stock in said corporation are not assessable or taxable by the city of Columbia under the existing laws, and no assessment can be made on the same until proper provisions have been made by the general-assembly of the State for so assessing the shares of stock in such corporation in the hands of the individual owners thereof, and that no such provision has been made by the general-assembly of the State, or the board of mayor and aldermen of the city of Columbia, and that the board of mayor and aldermen of the city of Columbia has no power or authority to make such provision for the assessment of such shares of stock, because there is no provision in any assessment law enacted by the general-assembly of the State for taxing any share of stock in any corporation where the property of the corporation, including its capaital stock, is assessed for taxes.

The bill further alleges that to assess and tax the property of a mercantile corporation, including capital invested in the business, and its corporate property, to the corporation itself, and then tax the shares of stock in the corporation to the individual holders thereof, would be unjust, unfair, and an illegal discrimination against such mercantile corporation and the holders of its shares of stock, and would be in violation of the

Fourteenth Amendment to the Constitution of the United States, wherein it is provided that:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

And such assessment would also, for the same reasons, violate section 8, article 1, of the Constitution of the State of Tennessee, wherein it is provided:

"That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land."

And to assess and tax complainants on said shares of stock when the owners of the shares of stock in like corporations in the city of Columbia, Tenn., are not assessed or taxed on such shares of stock, as complainants are informed, and charge the fact to be, would be unjust, unfair, and an illegal discrimination, and would deprive complainants of their property without due process of law, and would be in violation of said Fourteenth Amendment to the Constitution of the United States, section 1, and Constitution of the State of Tennessee, article 1, section 8.

The defendants filed a joint answer and admitted that complainants were served with a notice or citation by the defendant Erwin, as recorder of the city of Columbia, the sole purpose of which was to assess and back-

assess complainants on the shares of stock owned by them in J. A. Sloan Company, as alleged in the bill.

It was further averred in the answer that the city of Columbia has the right to assess and back-assess the shares of stock in J. A. Sloan Company, and it is denied that the proceedings for this purpose are null and void.

The answer further avers that under the Constitution of the State of Tennessee, the assessment and revenue laws of said State, and the ordinances of the city of Columbia and shares of stock in J. A. Sloan Company owned by complainants are assessable and taxable to complainants, and to deny the right of the State and city to tax the shares of stock would be to grant complainants a privilege contrary to the provisions of both the federal and State constitutions relied on by complainants.

The answer denies that the proceedings instituted by the defendants for the purpose of assessing and back-assessing said shares of stock contravene any provision of the constitution of the State of Tennessee or any provision of the Constitution of the United States.

Defendants rely on an ordinance of the city of Columbia passed by the board of mayor and aldermen of said city on January 10, 1916, which ordinance contains the same provisions contained in chapter 602 of the Public Acts of 1907, which is the general assessment law for the State now in force, and which was in force during the years 1916, 1917, 1918, and 1919, and which, it is insisted gave the city of Columbia authority to pass said ordinance providing for the assessment of shares of stock owned by complainants in said corporation.

The provisions of chapter 602 of the Acts of 1907 in regard to assessing and taxing the corporate property of corporations and shares of stock in corporations are to be found in the following sections of said act.

First.  In section 5 it is provided as follows: "Be it further enacted, that the basis of all assessments shall be as follows, to wit."

Then follow subsections 1, 2, and 3, and then subsection 4, which provides as follows:

"4.  All stocks in banks, savings banks, or banking associations, loan companies, trust companies, insurance companies, investment companies, and all other corporations not assessable by the railroad commissioners shall be assessed as hereinafter provided in sections pertaining to same."

Section 8 provides as follows.  "Be it further enacted, that all personal property of every kind shall be assessed under the following classification."

Then follow classes 1, 2, 3, 4, and 5, and then class 6, as follows:

"All bonds, except United States bonds, and all shares of stock, except when the corporate property or capital stock is assessed in lieu of the share of stock as hereinafter provided in section 22 of this act."

The only sections appearing thereafter in the act pertaining to corporations and stock in corporations are sections 21, 22, 23, and 24.

In section 21 it is provided as follows:

"That every _quasi_-public corporation doing business and being operated in this State, such as gasworks, waterworks, electric light, and dummy railroad com-

panies and all other corporations public in their charac-
ter and which possess rights   .   .   .   and privileges,
shall pay an *ad valorem* tax upon the actual cash value
of its corporate property, including its franchises, ease-
ments, incorporeal rights, and privileges, and all other
corporate property, which said value shall not be assess-
ed at less than the aggregate actual cash value of both
its shares of stock and bonded debt, and which said
value shall be computed by looking to and considering
the market value; and if no market value, the actual
value, of such stock and bonds to the corporation,'' etc.

It is then provided in said section as follows:

''All corporations, foreign and domestic, other than
those hereinbefore designated in this section and in the
proviso in this clause shall be assessed in the same mode
and manner as *quasi*-public croporations set out in this
section:   Provided, however, this section shall not be
construed as including railroads, streets, and interurban
electric railways, telegraph, telephones, building and
loan, insurance, manufacturing, banking companies or
corporations as are set out in sections 22 of and 24 of
this act, the assessment of such companies or corpora-
tions being otherwise provided for in this and in said
sections and other laws.''

Section 22 of said act provides as follows:   ''That all
persons, copartners, and jointstock companies engaged
in the manufacture of any goods, wares, merchandise,
or other articles of value shall pay an *ad valorem* tax
upon the actual cash (value) of the property—real, per-
sonal, or mixed—which is used and held for the purpose
of manufacturing, preparing, completing, and finishing

goods, wares, and merchandise, and the article in the manufacture of which the parties aforesaid shall be engaged: Provided, the value of articles manufactured from the produce of the State in the hands of the manufacturer shall be deducted in assessing the property. Each manufacturing corporation either foreign or domestic, shall pay an *ad valorem* upon the actual cash value of its capital stock or corporate property, including its franchises, easements, incorporeal rights and privileges, and all other corporate property, which said value shall not be less than the actual cash value of both its shares of stock and its bonded debt, and which said value shall be computed by looking to and considering the market value," etc.

By section 23 it is provided: "That when any corporation, foreign or domestic, defined in sections 21 and 22 of this act owns property in this and another State, or in more than one county in this State, or in more than one civil district in any county, the capital stock or incorporated property of the corporation shall, except as hereinafter provided in this section as to foreign corporations, be assessed in the county or place or civil district fixed in its charter for the meeting of its stockholders; and in case such place of meeting is not fixed in its charter, then in the county or place or civil district where the principal office or place of business of the corporation is located, which said assessment shall be made in the following manner—viz.," etc.

Said section then provides the method of making the assessment of such property.

By section 24 it is provided: ''That the shares of
stock of stockholders of any bank or banking association,
savings bank, or loan company, or insurance company,
or investment company, or cemetery company, or
company or incorporation (other than such as are de-
fined and assessable under sections 21 and 22 of this act)
doing business in this State, whether domestic or for-
eign, shall be assessed and taxed for State, county, and
municipal purposes as the personal property of the
stockholders, whether they reside within or without the
State of Tennessee: Provided, however, the assessment
of such shares of stock as the property of the stock-
holders shall be in lieu of any assessment or taxation of
the capital stock or corporate property of such corpo-
ration, company, or association. Shares of stock as-
sessable under this section shall be assessed at not less
than the actual cash value of the same, less the assessed
value of realty and tangible property, which said actual
cash value of shares of stock shall be computed by look-
ing to and considering the market value; and if no
market value, the actual value of the shares of stock, or
from any other evidence of the value of the same.

''Real estate and tangible personalty of any corpora-
tion, company, or assocation defined in this section shall
be assessed to the same in the same mode and manner
and where situate as other real estate and tangible per-
sonality; but in computing the assessable value of such
shares of stock, the assessed value of the realty and tan-
gible property shall be deducted from the value of the
shares of stock and the remaining value constitute
the value upon which the assessments shall be made.

Assessments of shares of stock under this section shall be made at the place, ward, or district of the town or county in which the corporation, association, or company is located.''

Section 25 of the act deals with corporations whose property or shares of stock are exempt from taxation by the terms of their charters of incorporation, and corporations whose charters provide for a stated amount or rate of taxes to be paid on their corporate property or shares of stock.

Section 26 provides for the *ad valorem* taxes to be paid by all merchants, including corporations engaged in the mercantile business.

The first part of this section is as follows: ''That merchants shall pay all *ad valorem* tax upon the capital invested in their business equal to that levied on taxable property.''

And at the close of subsection 1 of said section is to be found the following:

''But if the average stock on hand is less than the capital stock employed by said merchant, firm, or corporation, he shall pay a tax on the capital stock.''

The foregoing quotations from chapter 602 of the Acts of 1907 embrace all the statutory enactments now in force in the State regarding the assessment and taxation of corporations and the shares of stock in corporations; in other words, these sections contain the entire scheme provided by the legislature for the taxation of corporations and shares of stock in corporations.

It is conceded by complainants that property belonging to a corporation may be assessed and taxed to the

corporation itself, and the shares of stock in the same corporation may also be assessed and taxed as the individual property of the shareholders, and that this would not be such double taxation as is prohibited by the Constitution of the State or the Constitution of the United States.

It is insisted, however, that there is no provision in the act under consideration that authorizes the taxation of shares of stock owned in a corporation to the individual shareholders where the capital stock or the corporate property of the corporation is assessed.

It has been repeatedly held by this court that statutes levying taxes or duties upon citizens will not be extended by implication beyond the clear meaning of the language used, and that all questions of doubt arising upon the construction of such statutes will be resolved against the government and in favor of the citizens. *Plow Co.* v. *Hays,* 125 Tenn., 148, 140 S. W., 1068; *Memphis* v. *Bing,* 94 Tenn., 644, 30 S. W., 745; *English* v. *Crenshaw,* 120 Tenn., 531, 110 S. W., 210, 17 L. R. A. (N. S.), 753, 127 Am. St. Rep., 1025; *Bell* v. *Watson & Bro.,* 3 Lea, 328; *Druggist Cases,* 85 Tenn., 449, 3 S. W., 490; *Memphis* v. *Express Co.,* 102 Tenn., 336, 52 S. W., 172; *Gulf Refining Co.* v. *Chattanooga,* 136 Tenn., 505, 190 S. W., 463.

We think it is perfectly clear from the provisions of chapter 602 of the Acts of 1907 that the legislature did not intend to tax shares of stock in any corporation where the corporate property, or the capital stock, was taxed to the corporation itself. We do not think that there is any provision in said act that can be given such

144 Tenn.—14

construction. We think the clear intention of the act is directly the opposite.

The first reference to shares of stock in said act appears in subsection 4 of section 5. It is there provided that—"All stocks in banks, saving banks, or banking associations, loan companies, trust companies, insurance companies, investment companies, and all other corporations not assessable by the Railroad Commissioners shall be assessed as hereinafter provided in sections pertaining to same."

The only section coming after subsection 4 of section 5 which pertains to or provides for assessing to the individual holders or owners the shares of stock in corporations is section 24. In section 24 it is provided:

"That the shares of stock of stockholders of any bank or banking association, savings bank, or loan company, or insurance company, or investment company, or cemetery company, or company or incorporation (other than such as are defined and assessable under sections 21 and 22 of this act) doing business in this State, whether domestic or foreign, shall be assessed and taxed for state, county, and municipal purposes as the personal property of the stock holders."

In this section the method of valuing these shares of stock for assessment is provided in detail, and in the same section it is further provided as follows:

"Provided, however, the assessment of such shares of stock as the property of the stockholders shall be in lieu of any assessment or taxation of the capital stock or corporate property of such corporation, company, or association."

It is expressly and clearly provided in this section of the act that, when the shares of stock in a corporation are assessable as therein provided, then the capital stock or corporate property of the corporation shall not be assessed and taxed. It therefore necessarily follows that, when the capital stock or the corporate property of a corporation is assessed and taxed, the shares of stock in that corporation cannot be assessed under the provisions of section 24. If such shares of stock cannot be assessed under the provisions of section 24, then they cannot be assessed at all, as section 24 is the only section in the act, providing for assessing to the individual owner or holder the shares of stock in any corporation.

In section 8 of the act it is provided that all personal property of every kind shall be assessed under certain classifications. Subsection 6 of section 8 reads as follows:

"All bonds, except United States bonds, and all shares of stock, except when the corporate property or capital stock is assessed in lieu of the shares of stock as hereinafter provided in section 22 of this act."

The words "as hereinafter provided in section 22 of this act" mean in like manner as there provided. This language clearly indicates that shares of stock are not to be assessed when the corporate or capital stock is assessed.

Section 22 provides only for the assessment of manufacturing corporations, but the method of assessment provided in section 21 of the act is indentical with the method in section 22 and section 21 covers all corporations not covered by section 22, except corporations

enumerated in section 24, where the assessment of shares of stock is provided for in lieu of any assessment to the corporation itself. It follows, therefore, that all corporations, except those enumerated in section 24, are assessed as provided in section 22 of said act.

It is immaterial whether mercantile corporations are included in the provisions of section 21, providing for the assessment of all corporations not embraced in section 22 and section 24. As in section 26, it is provided that mercantile corporations shall pay an *ad valorem* tax on their "capital stock." We think "capital stock" and "corporate property" are used throughout the act as synonymous terms, as shown in sections 21, 22, and 23.

We think the act, when properly construed, provides for the assessment of shares of stock in banks, loan companies, insurance companies, investment companies, and cemetery companies to the individual shareholders, in lieu of the assessment of the corporate property of such corporation. As to all other corporations, all of the property of every kind and character belonging to the corporation, including its capital stock, is to be assessed and taxed to the corporation itself, and, when this is done, the shares of stock in such corporations are not to be assessed and taxed to the individual shareholders.

This is evidently the construction which has heretofore been placed upon the act by officials whose duty it is to collect State, county, and municipal taxes. The act has been in force for fourteen years, and it is stipulated that never before has any officer, State, county, or municipal, attempted to assess to the individual share-

holders the shares of stock of any corporation, such as J. A. Sloan Company is admitted to be.

While it is true that the construction placed upon the act by the officials, whose duty it is to assess the taxes for State, county, and municipal purposes, is not binding upon this court, such construction is, however, entitled to great weight. *Plow Co.* v. *Hays, supra; Lodge* v. *Nashville,* 127 Tenn., 248, 154 S. W., 1141.

It has been expressly held by this court that it is within the power of the legislature to assess the corporate property or capital stock of the corporation to the corporation itself, or by assessing to the individual shareholders the value of the shares of stock owned by them in the corporation. *Bank* v. *Memphis,* 101 Tenn., 154, 46 S. W., 557; *Carroll* v. *Alsup,* 107 Tenn., 257, 64 S. W., 193; *Fertilizer Co.* v. *McFall,* 128 Tenn., 645, 163 S. W., 806.

In the case last cited this court, speaking through Mr. Justice GREEN, said:

"It is within the power of the legislature to assess corporations upon their corporate property and capital stock excluding the shares of stock, or it is within the power of the legislature to assess shares of stock in lieu of corporate property and capital stock. The latter method of assessment was adopted in section 24 of the act of 1907, respecting banking associations and other corporations therein named. Either mode of assessment is valid, and neither can be regarded as unlawfully exempting corporate property from taxation. The two plans are merely different methods of assessment of corporate property."

The conclusion reached renders it unnecessary to pass upon the constitutional questions raised by complainants in their bill.

There is no error in the decree of the chancellor, and it will be affirmed.

The city of Columbia will be taxed with the costs of the cause.