**James E. ROBERTS, Trustee of Roane County, Tennessee, Appellant,**

v.

**STATE BOARD OF EQUALIZATION et al., Appellees.**

Supreme Court of Tennessee.

Nov. 7, 1977.

Gerald F. Largen, Kingston, for appellant.

Everett H. Falk, Deputy Atty. Gen., Brooks McLemore, Jr., Atty. Gen., Nashville, Erma G. Greenwood, Jackson C. Kramer, David L. Oakley, Jr., Kramer, Johnson Rayson, McVeigh & Leake, Knoxville, for appellees.

COOPER, Chief Justice.

## OPINION

James E. Roberts, trustee of Roane County, filed a petition in the Chancery Court of Davidson County to have that court review the action of the State Board of Equalization in ruling on appeals of ten Japanese utilities from (1) back-tax assessments for the year 1974 on enriched uranium owned by the utilities and stored in that part of the Oak Ridge complex located in Roane County, and (2) the assessment on the uranium for the then current year, 1975. On motion of the State Board of Equalization and the Japanese utilities, the chancellor held that Roane County was an indispensable party and allowed petitioner

forty days in which to join Roane County as a party petitioner. Subsequently, when Roane County, acting through its quarterly court, resolved not to join in the petition for review, the chancellor dismissed the trustee's petition for lack of an indispensable party. The question then is: Is Roane County an indispensable party to a petition seeking review of the action of the State Board of Equalization in determining ad valorem tax assessments on property located in Roane County? Or, to put it another way: Can the county trustee, acting independently of the county court, petition for a review of the action of the State Board of Equalization?

■ It is difficult to determine from the petition and the brief of the appellant whether review of the actions of the State Board of Equalization is being sought under the Uniform Administrative Procedures Act or by common law writ of certiorari. However, under either procedure, review of a final order or judgment of any board of commission functioning under the laws of this state is limited to those "aggrieved" by the decision. *See* T.C.A. § 4–523 and § 27–901. In our opinion, the trustee is not an "aggrieved" party so as to entitle him, acting alone, to a review of the actions of the State Board of Equalization.

The trustee's duties are prescribed by statute. T.C.A. § 8–1104. Chief among those duties is the duty to collect all taxes on property. In carrying out this duty, the trustee is authorized to issue citations and to hold hearings for the purpose of back-assessing or reassessing property. T.C.A. §§ 67–1204, 67–1205, 67–1208. The collection of taxes is a ministerial function while the duty to back-assess property takes on the coloration of a judicial action when the trustee is called upon to make a decision on the basis of evidence. Once the back-assessment is made, however, its enforcement is ministerial. *See Tennessee Fertilizer v. McFall,* 128 Tenn. 645, 163 S.W. 806, 808 (1912), wherein this court pointed out:

> The essential judicial feature of the power conferred [upon the trustee under the Act of 1907 (T.C.A. §§ 67–1201 et seq)]

was the determination of the value of the property in back-assessment proceedings. That is the only act which involves judicial discretion. Having determined the value of the property, . . . the other duties imposed upon the trustee by the act of 1907 are ministerial or clerical in their nature rather than judicial.

Appeals from back-assessment actions of the trustee are specifically limited by the provisions of T.C.A. § 67–832 to the state, the county, and the party assessed, they being the parties that could be adversely affected by the assessment. In *The Redistricting Cases,* 111 Tenn. 234, 80 S.W. 750 (1903), this court observed the holding in *Maury County v. Lewis County,* 31 Tenn. 236, 240 (1851), that;

> The county court, or the justices composing that court, represent the civil and political power of the county, its rights and obligations. It is through this medium, therefore, that the county, in its municipal character as a corporation, may act or be acted upon. There is no other court or officer known in its organization that can or should represent it.

And, in *Dulaney v. Dunlap,* 43 Tenn. 306 (1866), the court held that the county trustee could not bring suit in his own name against the revenue collector of the county for failure or refusal to pay to the trustee tax revenue collected. The court, on noting the existence of a statute declared that "a motion lies in favor of the party aggrieved —State, County, Corporation, or individual; against any tax assessor, revenue collector, or commissioner, for money in their hands officially, and not paid over or accounted for, according to law," said:

> Is the County Trustee a "party aggrieved," in the sense of the provision of the Statute? We think not. He is the mere fiscal agent of the county, with powers limited by law, which he can not transcend. He can not even call the revenue collector to settlement, but is, himself, bound to settle with, and account to, the Judge or Chairman of the County Court, for all his official conduct. The county is the real party in interest, and the party

**504**

aggrieved, in cases of official delinquency in the collection of revenue.

In the instant case, the trustee is not an "aggrieved party," nor does he have statutory authority to question the actions of the State Board of Equalization with respect to assessments on property located in Roane County. The real party in interest, the party that stands to be affected by action of the State Board of Equalization, and the proper party to question the board's actions with respect to assessments on property in Roane County is Roane County acting through its governing body, the county court. Roane County was not a party to the petition to review, nor did it ratify the action of the trustee in filing the petition, though given time in which to do so. To the contrary, the quarterly court expressly refused to question the accuracy of the assessments set by the State Board of Equalization. It follows, in our opinion, that the chancellor correctly dismissed the trustee's petition for lack of an indispensable party.

Cases cited by the trustee in support of his contention that he has the right, independent of action by the county court, to petition chancery court for a review of the actions of the State Board of Equalization are inapposite. *McKennon v. McFall, et al.,* 127 Tenn. 393, 155 S.W. 158 (1913); *Tennessee Fertilizer v. McFall,* 128 Tenn. 645, 163 S.W. 806 (1912); *Smoky Mountain Land Co. v. Lattimore, Trustee,* 119 Tenn. 620, 105 S.W. 1028 (1907), and *Hamilton National Bank v. Richardson, Trustee,* 42 Tenn.App. 480, 304 S.W.2d 504 (1957), are suits against the trustee to prevent the trustee from carrying out his ministerial function of collecting taxes. They may not properly be read as authority for the proposition that a county trustee may, independently of the county, maintain a petition to review the final action of the State Board of Equalization equalizing back-assessments made by the trustee.

*Polk County v. State Board of Equalization,* 484 S.W.2d 49 (Tenn.App.1972), also cited by the trustee, stands for the proposition that the taxing authority as well as the taxpayer has a right to seek judicial review of state board actions, not for the proposition that the county trustee, acting independently of the county court, can seek the judicial review.

The decree of the chancellor is affirmed. Costs incident to the appeal are adjudged against James E. Roberts and his surety.

FONES, HENRY, BROCK, and HARBISON, JJ., concur.