IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 9, 2001 Session

## HENRY WITT, et ux, v. TENNESSEE FARMERS MUTUAL INSURANCE COMPANY

**Direct Appeal from the Chancery Court for Bradley County**
**No. 95-303      Hon. Jerri S. Bryant, Judge**

**FILED AUGUST 15, 2001**

**No. E2001-00401-COA-R3-CV**

The Trial Court refused to grant plaintiffs relief from a Judgment pursuant to Tenn. R. Civ. P. 59 or 60. Defendant has appealed. We affirm the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Richard A. Fisher, Cleveland, Tennessee, for Appellants, Henry Witt and wife, Margaret Witt.

Douglas M. Campbell, Chattanooga, Tennessee, for Appellee, Tennessee Farmers Mutual Insurance Company.

### OPINION

This is an appeal by the plaintiffs from the Trial Judge's overruling their Motion for Relief, pursuant to Rules of Civil Procedure, Rule 59, and/or Rule 60.

In that Motion, plaintiffs asserted that since the Trial Court did not make findings of fact and conclusions of law, as timely requested by plaintiffs, the Judgment entered in the case on March 7, 2000, was not a final judgment. The Motion set forth no other grounds to grant Rule 60 relief, nor was an affidavit filed.

The record reveals that on the March 1, 2000, the Chancellor dismissed plaintiffs' case "with prejudice" and taxed the cost to plaintiffs. On April 7, a Notice of Appeal was filed, and on May 17, 2000, this Court responding to a Motion to Dismiss the appeal, entered an Order reciting that the Notice of Appeal was filed 31 days after the Judgment was entered, and the Appeal was dismissed.

Then on May 30, 2000, plaintiffs filed a Petition for Rehearing of the Order granting the Motion to Dismiss. This Court, in denying that Motion, stated:

> On May 30, 2000, the appellants filed a Petition for Rehearing on the granting of the Motion to Dismiss. In their Petition they state that they filed a request for findings of fact and conclusions of law pursuant to Tenn. R. Civ. P. 52.01. They aver that at the time for filing a notice of appeal was tolled by their Tenn. R. Civ. P. 52.01 motion. . . . The request for findings of fact and conclusions of law filed pursuant to Tenn. R. Civ. P. 52.01 does not toll the time for the filing of a notice of appeal; it is not one of the motions referred to in Tenn. R. App. P. 4.

On the appeal before us, plaintiffs again argue in their brief "that because the request for findings of fact and conclusions of law was properly and timely made and the March 7, 2000 Order fails to include such findings of fact and conclusions of law, the Judgment is not a final Judgment." With due deference to counsel, this Court's Orders on the first appeal have become the law of the case as to the finality of the Trial Court's Judgment. *See City of Bristol v. Bostwick*, 240 S.W.2d 774, 144 Tenn. 205 (1922).

While Tenn. R. Civ. P. Rule 60 is mentioned as an alternate ground for relief in plaintiff's Motion before the Chancellor, as previously noted, they set forth no grounds for this relief in their Motion, nor was an affidavit filed establishing a basis for relief. The Supreme Court noted in *Travis v. The City of Murfreesboro,* 686 S.W.2d 68 (Tenn. 1985), at p. 69:

> As a prerequisite to the extraordinary relief available under Rule 60.02(1), the movant is required to set forth in a motion or petition or in affidavits in support thereof, facts explaining why the movant was justified in failing to avoid mistake, inadvertence, surprise or neglect. (Citations omitted).

We affirm the Judgment of the Trial Court in overruling plaintiffs' Motion, and remand with costs of the appeal assessed to plaintiffs, Henry and Margaret Witt.

_____
HERSCHEL PICKENS FRANKS, J.